The issue presented is in some respects difficult because over the last two years this Court has twice addressed related issues. Last year this Court held that the requirement of this very local rule that a member of the District Court Bar need be a member of the State Bar was valid under both Frazier and the Due Process Clause. And the year before that in the Russell v. Hug case, the Court in a somewhat different context held that a good standing requirement was also valid. Both of those cases arose in the context of generalized rulemaking by the District Court, not in the context presented here of an individualized application by the District Court to suspend an attorney based on a State Court suspension. But tell me if I'm missing something. You were inactive member of the Bar at the time this all started. Is that right? At the time it all started, I was, Your Honor. I wasn't even living in the United States. So you weren't qualified to be a member of our Bar in any event? You mean the District Court Bar in Arizona? Right. Yes, I was. Under the existing rule at the time, an attorney licensed in any federal district court was qualified to be a member of the Bar. I was already a member of that Bar and had been for 20 years. Even if you were inactive? Yes. The going on inactive status at the time had absolutely nothing to do with being a member of the Federal District Court Bar any more than the United States Bar. What qualified you to be admitted to the Federal District Court in Arizona? Originally? Yes. In 1984, it was on an original application after becoming a member of the Arizona State Bar. However, the rule at the time would not have required that because I was already a member of the Bar of two other states, the U.S. Supreme Court, and so forth. But I think the point that we're inquiring on is your membership in the District Court Bar in Arizona was predicated on your membership in the Arizona Bar. Is that right? Technically, yes. That's correct. Well, then you were inactive, though. And if you're inactive, then how can you practice in the District Court? Well, the active membership requirement did not come into effect until 1999. That's the very requirement. But now it's in effect. So assuming you were qualified until the rule changed, by as I understand your papers, you have yourself elected to not only not seek reinstatement with the Arizona Bar, but you intend to remain inactive. So isn't it by your own conduct now, your own status now, that you're ineligible? In other words, what relief can we give you? Well, the relief that's being sought is invalidation of the active requirement, the active status requirement of the rule. It's invalid on its face because it automatically requires suspension of any attorney who is suspended by the Arizona State Bar. Yes, but you're no longer. You have told us in your papers that even if we were to do that, as opposed to, in other words, go back and say that the suspension was unlawful, you say we have to now strike out the status generally, whether it's because of suspension or voluntary position, that if the Bar, if the Arizona, excuse me, the District Court rule requires active membership, then it's unconstitutional. Is that your argument? The argument, I think squarely presented by the papers, is that the active status requirement of the new rule is unconstitutional under the Due Process Clause and under Frazier v. Hebe. That is the argument. That's squarely the argument. And the reasons are twofold. Under Frazier v. Hebe, putting aside the question of the requirement of Bar membership in the first place, which is an issue that was expressly not decided in Frazier v. Hebe, it was decided by this Court in the Gallup case, accepting that that is a constitutionally valid and rational requirement, the further requirement of active status is neither rational, not rationally related to any legitimate purpose, and it creates the clash between the due process obligation of review, prior review of a State suspension hearing and the rules requirement itself. And it's explicitly clear in the case. You say there's something constitutionally deficient with a rule that says that a membership in a District Court bar that's derivative entirely of membership in a State court bar is unconstitutional? Every case that this Court and the U.S. Supreme Court have ever decided have made it clear that while entrance to a Federal court bar begins with membership in some State bar, and in this case there were several, exit from the Federal District Court or court of appeals bar has little or nothing to do with the State suspension without prior notice, an opportunity to be heard, and an independent review. And if there is prior – if there is that review, then it's perfectly all right? If the review leads to that conclusion and is sustainable on appeal, yes, that's true. And what is your precise status right now with Arizona? You're inactive. I guess I'm technically still a suspended member, even though the suspension ended two and a half years ago. And what are you asking us to do exactly? Strike the active status requirement of Rule 1.5a of the District of Arizona locals' rules – the Court's local rules, which will effectively reinstate me to practice as a member of the bar of the Federal District Court in Arizona. And why shouldn't we just simply read into it the due process requirement that the Supreme Court established in Salling? Because if you do, the rule falls. You can't have a rule that says that you can't be automatically suspended. That is the law. It has been for 100 years. You can't be automatically suspended based upon a State court suspension, and at the same time have a rule that says in order to be – continue to be a member of the bar, you must be a member in good standing, because the second rule automatically and inexorably, by its own terms, means – So it's the automatically aspect of it that causes the problem in your opinion. Exactly. You automatically – as soon as the Arizona State Supreme Court says you are suspended, you are automatically no longer a member of the Federal District Court bar. There is no question of review. There's no reason for review under Judge Bolton's decision. Why should you conduct a review? And what it does – what the active status requirement really does, just to come down to the nuts and bolts of it, is it says that with respect to that class of suspensions that happens to be the class that we will most frequently come in contact with, namely those that arise from the State court in the State in which we sit, we will not give prior notice, an opportunity to be heard, or any form of independent review. We will instead delegate that to the State Supreme Court. And that is – that's the flip side of every decision of this Court and every decision of the United States Supreme Court. Ruffalo is one classic example. Where is the word – where does the word automatically or the concept automatically appear? Well, it appears in the rule itself. The rule requires – Which rule? 1.5A? Yes, sir. It requires – That says automatically. I guess I'm reading the wrong rule. Well, mine says admission to and continuing membership in the bar of this Court is limited to attorneys who are active members in good standing of the State Bar of Arizona. No. I think you're reading the right rule. It describes a situation, a status. It doesn't say you're automatically out, does it? Well, that's exactly what it says, and that's exactly how it's been applied here. Just look at the order that it's appealed from. So if you'll recall, what occurred here was in November of 2002, years after the suspension, years after reinstatement in other jurisdictions, the district court all of a sudden became aware – I don't know why it took that long, because I had a certified letter much earlier – but all of a sudden became aware of this old Arizona suspension and said, pursuant to the other rule that's in question, Rule 1.6, we are suspending you. Without any notice, prior notice, opportunity to be heard, review, or anything else. When that was challenged in the form of an objection letter, the district court came back in March of 2003 and said, well, you're right. Perhaps we should have given you notice, opportunity, and an individual or independent review, but we're not going to suspend you under the rule we said we were suspending you under back in November. We're going to suspend you because you're no longer eligible to be a member of the bar because you've been suspended. Well, it's highly probable that you didn't get your selling rights, but it still seems to me that this rule simply describes the situation, which is perfectly reasonable and understandable. Admission to and continuing membership is limited to attorneys who are active members in good standing. So if you read selling into that and say, and there's a good – there's a due process requirement in this process, the rule survives. Well, how can the rule survive? If what you're saying is right, then the natural result would be the court would send this thing back down to the district court for the selling hearing. And what would happen after the selling hearing when the district court says, well, yeah, the suspension in Arizona was constitutionally defective. You were living in Europe. They waited half a dozen years to bring these charges and so forth, and it's just crazy. And so we don't – we don't buy the state court suspension, but we really can't do anything about it because you're still not an active member of the state bar. Your purpose is to continue to practice in the district court in Arizona. Yes. My practice is exclusively federal. Now, how do you distinguish this case from Gallo? Gallo actually only – well, two respects. First, Gallo addressed only the membership requirement, not the active membership requirement. Gallo was not a member of the Arizona State Bar at all. Secondly, Gallo did not involve a suspension order. Gallo was not a disciplinary matter. I know I understand that, but in terms of the rule itself, it held that the rule was reasonable. Right. The only thing Gallo addressed was the requirement of membership in the Arizona State Bar, which isn't challenged on this appeal either. So you're saying as long as you're a member of the Arizona Bar, but you don't have to be active. Correct. Yes. And the reason that works is, if you look at Gallo, Gallo had – gave two reasons why membership in the bar was a valid, rationally related requirement. One, because it guaranteed – it allowed the district court to rely on some guarantee of minimal competence. And secondly, because it, so to speak, streamlined the disciplinary process. But both of those two considerations are met if you are a member of the bar itself. The active status requirement adds little or nothing to it. Even suspended members are, by operation of Arizona state law, members of the bar. So they're still subject to the disciplinary side of the equation, and they still pass the Arizona State Bar. So your objective is to practice in federal court in Arizona without being a member of the Arizona State Bar? Yes, without having to file PROHAC-BHA applications. I happen to be an individual who has homes in many places. I maintain a home in Arizona, even though my primary practice is out of Chicago. And it would be very difficult for me to constantly file PROHAC-BHA applications, which was one of the considerations in Gallo, where Gallo, who was an out-of-state attorney, didn't have that difficulty. And that was one of the reasons that led this court to say, well, PROHAC-BHA applications is an alternative for this individual. I still – maybe I'm dense, but I don't see what's wrong with a requirement that one be an active member. Active members are required to take some educational courses. Active members are supposed to be going about conducting some business. And if you're inactive, it seems to me that it's perfectly okay to say that you can't be a member of our bar. Well, what you're saying, Your Honor, is that somebody – I mean, the way the Arizona rules are structured, I suppose that's where we should start. There are six classes, five of which are members and one of which is not. A disbarred attorney is no longer a member of the Arizona State Bar. But everybody else is – a judicial member, an active and inactive member, a retired member, and even a suspended member. All of those classes of individuals with a little bit of a peculiarity in the case of the judicial member, who need not even have taken the Arizona State Bar, are people who will have taken – lawyers who will have taken the Arizona State Bar, whether that's a higher level than other states or lower, it's acceptable to the district court in Arizona. And all will be entitled to return, if they are not already on active status, to active status in a short period of time normally on a ministerial basis. What continuing education requirements are there of somebody who's an active member of the Arizona State Bar? I hope I'm right, because it's been a while, but I think it's 15 hours of classes a year. It's very comparable to what's required in other states. And what is the continuing education requirement of somebody who's inactive? Nothing. You see, I think that's one of the points that Judge Fletcher is making. The district court, in deciding to piggyback on the State Bar requirements, assumes that the person is going to be staying up with the law. And an inactive person can literally drop out completely, come back 25 years later and say, I'm ready to go in federal court. And the whole idea of staying up to speed on what's going on has gone out the window. Well, it doesn't avoid the constitutional clash, because the effect of the rule, it may be that it's appropriate for the district court to require something comparable. It may be. That isn't even an issue that's been raised on this appeal. Does it by proxy? But the problem is that by doing it by proxy, it avoids selling and it avoids Kramer. As I was trying to say before, maybe I didn't say it very elegantly. Even if this court says, yes, there was no selling Kramer hearing here, go back down for a hearing. And even if the district court does what every other jurisdiction so far has done, which is look at the Arizona suspension order and say, what was going on there? We're not buying into this. We're not going to give it full faith and credit. Even if the district court in Arizona does that, at the end of the day, it will say, yeah, you shouldn't have been suspended, but you're still suspended because you're not an active member of the bar. And you can't get unsuspended unless you elect to reinstate in Arizona, which improperly suspended you in the first place. It obviates the whole purpose of 100 years of jurisprudence that says that federal bar membership. Well, we certainly don't want to obviate 100 years of jurisprudence. We'll be careful not to do that. Maybe it's only 99. Your time is expired. Thank you. The case just argued is ordered submitted. We'll call the next case, which is Jose Lopez Alcedo versus John Ashcroft. The first of the many Jeffreys.
judges: B. Fletcher,trott, Fisher